# CHESHIRE,

## JANUARY TERM, A. D. 1859.

---

## WOODWARD *v.* SEAVER.

Where a deed of the wife's land purports to be the conveyance of the wife alone, and contains no recital that the husband is a party, but is executed by the husband and wife, it is the deed of both, and passes the title of both.

WRIT OF ENTRY. The demandants, Charles Woodward and Hannah I. Woodward, his wife, counted in fee and in mortgage for three several tracts of land in Keene. Plea, *nul disseizin.*

On trial, the demandants produced and proved a deed executed by the defendant to the demandant, Hannah I. Woodward, on the 25th of February, 1856, with a condition for the payment of the defendant's promissory note for $1,200.

It appeared that Charles Woodward, the demandant, owned the premises on the 15th of August, 1854, and then conveyed them to Hannah I. Field, on consideration that she should marry him; that she is now his wife, the demandant, Hannah I. Woodward; that on the 25th of February, 1856, she being then the wife of Charles Woodward, the demandant, executed a deed of the demanded premises to the defendant; that her husband, Charles Woodward, signed and sealed the deed, but not at the time when she did, nor in the presence of the attesting witnesses; that she executed and delivered the deed in the

presence of the attesting witnesses, and acknowledged it; that the consideration agreed on for the conveyance was $1,500, for which two notes were given; one the $1,200 note, before described; the other for $300, and the mortgage deed was given at the same time. The notes, deed and mortgage were all written, and, so far as Hannah I. Woodward is concerned, executed on the same day, though they bear different dates.

There was another writ of entry pending between the same parties, in which it is agreed that the same facts exist, except that the mortgage in this last mentioned case was given to secure the $300 note, and was of land which had before belonged to the defendant, and was not conveyed to him by the demandants or either of them.

In the deed of Hannah I. Woodward to the defendant, the conveyance purports to be made by her alone, without naming her husband in the body of the deed, and has the usual covenants of warranty, purporting to be by her alone. The deed contains the following clause: "And I, the said Hannah I. Woodward, wife of the grantor, for the consideration aforesaid, do hereby release to the said grantee my right of dower in the premises, my homestead right, and all other my right and interest therein." And the deed concludes in the following form: "Witness my hand and seal, this 25th day of February, Anno Domini 1856." The names of Charles Woodward and Hannah I. Woodward are signed to it, and a seal opposite to each name.

*Wheeler* and *Faulkner*, for the plaintiffs.

*H. Carleton*, for the defendant.

PERLEY, C. J. In this case, Hannah I. Woodward owned the land, and in order to convey her right it was necessary that her husband should join with her in the con-

veyance; her separate deed would be void, and convey no title. The husband's name does not appear in the body of the deed, but there is a clause purporting to release Hannah I. Woodward's right of dower, and all her other rights in the premises, in which she is described as wife of the grantor. It therefore appears on the face of the deed that she was a married woman, and consequently that to give her conveyance effect it was necessary her husband should join in the deed. Her husband signed and sealed the deed. This would seem to bring the present case very distinctly within the authority of *Elliot* v. *Sleeper*, 2 N. H. 525. In that case, as in this, the land belonged to the wife; the deed purported to be her sole conveyance, but was signed and sealed by her and her husband, and she is described as being the wife of Nathaniel Brown, who signed and sealed the deed. From this the court say it appears that it was necessary he should join with her in the conveyance. So it appears from the deed in the present case, that Hannah I. Woodward was a married woman, and that to make her deed operative it was necessary her husband should join in the conveyance.

It has been lately decided, in *Burge* v. *Smith*, 27 N. H. 332, that where the wife signs and seals the deed of the husband, it is sufficient to bar her claim of dower, though no mention is made of her in the body of the deed, which is in some respects stronger than the present case; for the husband's deed is operative upon his own estate without the wife's joining; but here the deed would be wholly void, unless it should be held that signing and sealing the deed made him a party to the conveyance. There is also less danger that the husband, who is in law *sui juris*, should part with his rights improvidently, than in case of the wife, whom the law supposes to be incapable of acting for herself.

If the title in the land passed to the defendant under the deed, there was a sufficient consideration for the notes

in question, though the deed was not executed with the requisites necessary to make it valid against third persons, and no witnesses were necessary under the present statute to give it effect as a conveyance between the parties. *Hastings* v. *Cutler*, 24 N. H. (4 Fost.) 481.

In this State, the wife is not required to be examined by any court or magistrate, to ascertain whether her deed is made voluntarily, and no reason is perceived why the husband and wife, to make the deed of the wife valid, should be required to sign and seal in each other's presence, and at the same identical time, more than in the case of any other deed executed by more than one party.

*Judgment for the plaintiffs in both suits.*